FILED



**NOT FOR PUBLICATION**

FEB 3 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: SOON WHA CHEY; DAVID CHEY, | No. 10-60029 |
| Debtors, | BAP No. 09-1254 |
| SOON WHA CHEY; DAVID CHEY, | MEMORANDUM[*] |
| Appellants, | |
| v. | |
| AMRANE COHEN; et al., | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Montali, and Brandt, Bankruptcy Judges, Presiding

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Soon Wha Chey and her son, David Chey, appeal pro se from the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's order granting Wells Fargo Bank, N.A.'s motion for relief from an automatic stay with respect to certain real property. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court did not abuse its discretion by granting relief from the automatic bankruptcy stay to Wells Fargo because the Cheys no longer had a legal or equitable interest in the subject property. *See* 11 U.S.C. § 362(d)(1) (allowing bankruptcy court to grant relief from the stay for cause); *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990) (cause for lifting the stay may exist where a state court proceeding involving the same issues is pending).

The Cheys' requests for judicial notice, set forth in their opening brief, are denied.

All pending motions are denied.

**AFFIRMED.**

10-60029